UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED

08 MAR -6 AM 10: 52

'08 MJ 0711

DEPUTY

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Magistrate Case No._____ |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR VIOLATION OF |
| v. | ) | |
| | ) | Title 8, U.S.C., Section 1326 |
| Guillermo ALVAREZ-Lopez | ) | Attempted Entry After Deportation |
| | ) | (Felony) |
| Defendant. | ) | |
| | ) | |

The undersigned complainant being duly sworn states:

On or about **March 5, 2008**, within the Southern District of California, defendant **Guillermo ALVAREZ-Lopez**, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **Otay Mesa, California, Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence this **6**th day of **March, 2008**.

UNITED STATES MAGISTRATE JUDGE

CATHY ANN BENCIVENGO
U.S. MAGISTRAL JUDGE

## Probable Cause Statement

On March 5, 2008 at approximately 1142 hours, a male later identified as **Guillermo ALVAREZ-Lopez (Defendant)** made application for admission into the United States from Mexico at the pedestrian entrance of the Otay Mesa, California Port of Entry. Defendant was traveling alone. Defendant stated to a Customs and Border Protection (CBP) Officer that he was going to Stockton, California where he resides. Defendant stated that he is a naturalized United States citizen and that he has no identification because he was assaulted and robbed last night. The CBP Officer asked Defendant to write his full name and date of birth (DOB) on a piece of paper. Defendant complied and wrote "Jose Guillermo Alvarez-Valdez, DOB 11/30/79." The Officer queried Defendant's name through the Central Index System (CIS) with negative results. Defendant was escorted to the Port Enforcement Team (PET) for further inspection.

In secondary, Defendant's fingerprints were obtained and queried through the Integrated Automated Fingerprint Identification System (IAFIS) and the Automated Biometric Identification System (IDENT). IAFIS and IDENT returned matches to the queries, verifying Defendant's identity and linking him to FBI and Immigration Service records.

Queries through Immigration Service databases including CIS and the Deportable Alien Control System (DACS) identified Defendant as a citizen of Mexico without legal documents to enter the United States. DACS information indicates that on or about February 27, 1997 Defendant was ordered removed from the United States by an Immigration Judge. Immigration service records contain no evidence that Defendant has applied for nor received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding Defendant was advised of his Miranda Rights. Defendant acknowledged his rights and agreed to answer questions without the benefit of counsel. Defendant admitted he is a citizen of Mexico by birth in Culican, Sinaloa, Mexico. Defendant admitted he possesses no documents or other benefit that would permit his legal entry into the United States. Defendant admitted that he made an oral false claim to United States citizenship at primary inspection. Defendant admitted he intended to enter the United States and travel to Los Angeles, California. Defendant admitted that he has been previously removed from the United States and has never applied for permission to legally re-enter the United States.